THOMPSON v. LEE.

1. The jury are bound to take the law of the case from the court, and whenever they disregard their instructions as to the law, their verdict should be promptly set aside and a new trial granted. *Dent* v. *Bryce*, 16 *S. C.* 14, affirmed.

2. In action for the recovery of personal property, the verdict must be in the alternative—for the possession of the property or for its value in case such possession cannot be had.

3. The jury having been instructed that they must find for the plaintiff the personal property in dispute, and must disregard the counter-claim, a verdict for defendant for one dollar damages cannot be cured by defendant's release of the property claimed.

———

Before WALLACE, J., Spartanburg, October, 1882.

Action by W. W. Thompson against C. Lee, commenced December 26th, 1881.

The opinion states the case.

*Mr. J. S. R. Thomson,* for appellant.

*Messrs. Bobo & Carlisle,* contra.

July 4th, 1883. The opinion of the court was delivered by

MR. JUSTICE McIVER. This was an action to recover possession of personal property (a horse), and the plaintiff, having given the undertaking required by the code, the sheriff seized the horse and delivered him to the plaintiff. The defendant, in his answer, admitted that the plaintiff was the owner of the horse, but denied plaintiff's right to possession or value of the horse, alleging that the horse was found trespassing on the lands of defendant, and had been taken up by him and retained in his possession until taken from him by the sheriff, under the proceedings in this action. The defendant also pleaded, as a counter-claim, the damages which he had sustained ($5) by reason of said trespass, and demanded a return of the horse, $25 for the taking thereof, and $5, the damages as aforesaid. The plaintiff, in his reply, denied the allegations upon which the counter-claim was based.

At the trial the Circuit judge charged the jury " that plaintiff was entitled to a verdict for a retention of the horse in his hands for actual damages so suffered, and that the counter-claim of defendant could not be considered in this action." The jury, however, seem to have taken a different view of the law, and

returned the following verdict: " We find for the defendant one ·dollar." A motion was thereupon made to set aside the verdict .and for a new trial. After hearing argument the Circuit judge refused the motion upon condition that the defendant release his ·claim to the possession of the horse, and held that the counter-claim would be sustained in this action. The defendant then ·entered on the record a release to the possession of the horse. A motion was thereupon made that the plaintiff have judgment for ·costs, or at least that the defendant be not allowed to have them. His Honor overruled the motion and held the defendant entitled to costs.

The defendant having entered judgment against the plaintiff . for the .amount of the verdict, together with costs, the plaintiff took this appeal, alleging that the Circuit judge erred : " 1. In refusing the motion for a new trial. 2. In holding that the new trial should not be granted, although the verdict was. ·directly contrary to his charge and to the testimony in the case. .3. In allowing the defendant to enter a release of claim to the horse and thereafter to enter up judgment against the plaintiff for damages on counter-claim and for costs. 4. In not giving judgment for the plaintiff, notwithstanding the verdict. 5. In holding that, upon the verdict, the defendant was entitled to costs."

We think that there was error in refusing the motion for a new trial, as is conclusively shown by the case of *Dent* v. *Bryce*, 16 *S. C.* 14. The jury are bound to take the law of the case from the court, and whenever they undertake to disregard the instructions of the court as to the law, their verdict should be promptly set aside and a new trial ordered. We need not undertake to add anything to what is so well said in the case cited, upon this point, as it must be manifest that any other course would be utterly at variance with the principles governing a trial by jury, and would tend to undermine the authority of the court.

In this case the Circuit judge had clearly and explicitly instructed the jury that the plaintiff was entitled to a verdict, and ·that the counter-claim could not be allowed in this action, and yet in the face of such instructions, the jury, usurping the province of the court, have undertaken to render a verdict directly in vio-

lation of such instructions. The jury were correctly charged that the plaintiff was entitled to a verdict, whether the counter-claim could be pleaded in this action or not—a question upon which we are not now called upon to express any opinion—for the plaintiff was unquestionably entitled to judgment for the retention of the possession of the horse, which was admitted to be his. Upon this ground, if there were no other, the plaintiff was entitled to a new trial, even if it be conceded that the counter-claim could be set up in an action like this.

But even if the defendant had been entitled to a verdict, the form of the one rendered is not sufficient, as it should have been in the alternative. *Robbins* v. *Slatterly, Mss. Dec. No.* 712, filed April 15th, 1879, recognized and followed in the recent case of *Eason* v. *Miller & Kelly,* 18 *S. C.* 381. The subsequent action of the defendant in releasing his claim to the possession of the horse cannot have the effect of supplying the deficiency in the verdict, and certainly cannot be allowed to have the effect of throwing the costs upon the plaintiff. If the jury had found their verdict as they were directed to find, and as the law required them to find, that the plaintiff was entitled to retain possession of the horse, then no question as to costs could have arisen, as the plaintiff would undoubtedly have been entitled to recover the costs which he had incurred in an action to recover possession of a horse admitted to be his.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.